UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COVENTRY HEALTHCARE OF LOUISIANA, INC. | CIVIL ACTION |
| VERSUS | NO: 06-6647 |
| JOHN BITTER, ET AL. | SECTION: "J" (5) |

**ORDER**

Before the Court are plaintiff, Coventry's, Motion for Entry of Preliminary Injunction (Doc. 7) and defendants, the Bitters', Motion to Continue the Hearing for Preliminary Injunction and related Motion for Expedited Hearing on the Motion to Continue. The Court finds for the following reason that all three motions should be DENIED.

On August 17, 2005 this Court issued an Order dismissing the Bitters' ERISA claim, and state law claims under La. R.S. §§ 22:636 and 22:215. *John Bitter v. Orthotic & Prosthetic Specialists, Inc.*, 2:05-cv-1655, slip op. Doc. 31 (Aug. 17, 2005). The Court remanded the remaining state law claim regarding the issuance of an individual policy of insurance. *Id.*

In state court the Bitters moved to amend their petition to add a new legal theory based upon La. R.S. §§ 22:230.2 and 22:658. The state court gave the Bitters leave to amend, and

then, after learning that Coventry opposed the amendment, set the motion to amend for contradictory hearing. Coventry opposes the amendment in state court on the basis of this Court's prior rulings. The state court has not yet ruled on the issue.

Coventry has now filed a federal complaint claiming that the Bitters are seeking to relitigate in state court issues already litigated in and decided by this Court. Coventry asks this Court to enjoin the Bitters from pursuing their claims under the new theories in state court.

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from granting an injunction to stay state court proceedings unless specific exceptions apply. The exception at issue in Coventry's complaint is the so-called "relitigation exception" whereby a federal court may enjoin a state court proceeding "to protect or effectuate its judgments." 28 U.S.C. § 2283.

The Supreme Court in *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524 (1986), made clear that following a final state court adjudication of a claim of res judicata based on a federal judgment, the "relitigation exception" no longer applies. However, it is equally clear that a federal court may wait for an initial state court ruling on the issue before considering whether an injunction should issue. *See*, *e.g.*, *Duffy & McGovern*

2

*Accom. v. QCI Marine Offshore*, 448 F.3d 825 (5th Cir. 2006). Indeed, considerations of judicial economy and comity recommend such patience. Should the state court find that this Court's prior ruling bars the Bitters from pursuing the new legal theories, Coventry's present federal complaint will be rendered moot. Should the state court find that the Bitters' new theories are not barred, Coventry may proceed with its claim for relief in the present case. This Court has not considered the merits of Coventry's present claim and expresses no opinion in that regard.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Entry of Preliminary Injunction (Doc. 7) is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' Motion to Continue the Hearing for Preliminary Injunction and related Motion for Expedited Hearing on the Motion to Continue are **DENIED** as moot.

New Orleans, Louisiana, this the 18th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE